## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Sharon Duncan

v.

Apex Builders, Inc., et al.

March 7, 1994

Case No. CL93–470

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court on the defendants' motion to join an additional party pursuant to Rule 3:9A. The plaintiff objects to the joinder.

In her motion for judgment, the plaintiff alleges that she was employed by the defendants until she resigned in June of 1993; that under the terms of an oral employment contract made in September of 1992, she was to be paid certain commissions, salary, bonuses, and expenses; and that the defendants have not paid her the agreed-upon compensation. She seeks to recover ex contractu for the unpaid compensation or, in the alternative, quantum meruit for the services that she rendered.

The defendants filed a responsive pleading. In addition, they filed a motion asking that Ronald L. Gore be made a party to the action. In the motion, the defendants assert that they have deposited $25,450.00 in escrow with their attorney "representing commissions which . . . are due and owing to plaintiff and Gore in connection with certain sales which have closed since their resignations . . . ." Because Gore has a claim against that fund, they say, any disposition of this case without Gore as a party may leave the defendants subject to multiple obligations.

The court heard arguments on March 1, 1994, and took the matter under advisement.

Rule 3:9A permits the court to join an additional party to an action if (1) in that party's absence, complete relief cannot be accorded those that are already parties, or (2) the absent party claims an interest in the

subject matter of the action and a disposition without him would impair his practical ability to protect that interest or leave any of the parties subject to a substantial risk of multiple or inconsistent obligations.

Here, the plaintiff has asserted no claim against a fund that is also claimed by Gore, and Gore has asserted no interest in the subject of this action. The subject of this action is the plaintiff's unpaid compensation under her employment contract with the defendants. Instead, the plaintiff claims damages for breach of the employment contract that she says she had with the defendants. She specifically alleges the terms of compensation under that employment contract, including salary, bonuses, commissions, and auto expenses. If some of those commissions allegedly earned by the plaintiff under her contract of employment are the result of sales for which Gore may also claim commissions, it is understandable that the defendants may owe compensation to two people. But if that is so, such indebtednesses arise out of unrelated agreements made by the defendants with two different people. Such separate claims would not be competing or inconsistent claims. The defendants' agreement with Gore, if there was one, has no connection to the employment contract between the plaintiff and the defendants, and any money owed Gore by the defendants has no connection with the plaintiff's claim in this action.

As for the fund of $25,450.00 identified in the defendants' motion, that fund has been created solely by the defendants and is not the subject to this action. The plaintiff has asserted no claim or interest in that fund.

Accordingly, this is not a case in which the mechanism provided in Rule 3:9A should be applied. The plaintiff has the right to prove her claim of unpaid compensation under her employment contract without regard to whether someone else may also be claiming compensation under a separate agreement with the defendants. Therefore, the motion will be denied.